## DUNN v. STYRON.  (No. 2224.)

Court of Civil Appeals of Texas. El Paso. Nov. 8, 1928.

Rehearing Denied Nov. 28, 1928.

Garland & Yonge, of Lamesa, and Cecil Rotsch, of Lamesa, for appellant.

Carl Rountree, of Lamesa, and Bean & Klett, of Lubbock, for appellee.

WALTHALL, J.  We adopt the statement of the nature and result of this case as found in appellant's brief.

This is a suit instituted in the district court of Dawson county by R. O. Styron, as next friend in behalf of his infant daughter, Virginia Kathlyn Styron, against Dr. W. H. Dunn, to recover from him the sums of $30,-000 actual and $10,000 exemplary damages for alleged injury and mistreatment of the plaintiff by the defendant, while acting in the capacity of her physician; the plaintiff alleging that such injury was occasioned by the negligent and unskillful operation of an electric machine by the appellant while undertaking to treat the appellee for an ailment diagnosed by appellant as infantile paralysis.  Appellee further alleging that appellant did not have or use professional, medical, surgical, scientific, trustworthy, or ordinary knowledge, learning, skill, diligence, care, or attention in the examination, diagnosis, discovery, or treatment of said child, and said disease, with said machine, current, energy, or otherwise; that appellant was careless, negligent, and indifferent in the selection, maintenance, and operation of said machine, and that the methods used were improper, unnecessary and dangerous, and condemned by the medical profession in similar localities and circumstances; that appellant permitted too much electricity to enter the patient's right leg and body; that the exposure was for too long time and that the machine, connections and exposures were carelessly, loosely, and negligently placed and arranged as to cause too much electrical friction and heat; that there was an excess dosage, and the machine was defective and not properly equipped for control of dosage, and that the current of the machine was concentrated upon the child's right leg between her knee and ankle for such time and with such intensity that her leg was burned and scorched to and into the bone, and thereby she was crippled for life.  Appellant answered by general and special exceptions and general denial, and further pleaded that he had treated the appellee with skill and abili-

ty and in said treatment had applied to her an electrical treatment known as diathermia, which treament he alleged was beneficial in such cases and was practiced by many leading physicians of the larger towns of this state, and that the electric machine used was modern and approved, and that he was skilled in its operation and operated it skillfully while treating the appellee, and that through no fault, negligence, or lack of skill on his part the child's limb had received a slight burn or abrasion during the application of such treatment, which was of itself not a serious injury, but that owing to the disregard by appellee's mother in the care and dressing of such injury the child's leg had become infected, and that her injuries were caused by the infection and not by the electrical treatment applied by him. The case was submitted to the jury on special issues. On issues submitted the jury found the facts substantially as follows:

(1) The defendant failed to have and use such care, skill, and diligence as a physician, in the treatment of the plaintiff, as is ordinarily had and used by the average members of the medical profession in good standing in the same or similar localities, and under the same or similar circumstances.

(2) The plaintiff was injured as alleged as a natural, direct, and proximate result of the failure of the defendant to have and use such care, skill, and diligence as is stated in special issue No. 1.

(3) The jury found in favor of plaintiff actual damages in the sum of $3,000.

The jury found in favor of defendant on the issue of exemplary damages. The court rendered judgment for plaintiff on the verdict of the jury. Defendant's motion for a new trial was overruled, and appeal perfected.

Opinion.

By this suit, the issues briefly reviewed, the plaintiff, Virginia Kathlyn Styron, an infant, not two years old, by next friend, sought to recover damages against Dr. W. H. Dunn, alleged to have resulted from the negligent and unskillful operation of an electric machine by Dr. Dunn while undertaking to treat the plaintiff for an ailment diagnosed as infantile paralysis. The defenses interposed were general denial as to negligence and unskillfulness; that he had treated the child with skill and ability, and in said treatment had applied to her an electrical treatment known as diathermia, alleged to be beneficial in such cases and practiced by many physicians, was modern and approved; that he operated the diathermic machine skillfully in the treatment; and that through no fault of his the child's limb (between the knee and ankle) had received a slight burn or abrasion during the application of such treatment, but that through want of care on the part of the child's mother in removing the bandage and placing thereon another, the child's leg had become infected, and that her injuries were caused by such infection.

It is submitted by appellant, under the first proposition, that the evidence does not sustain the verdict of the jury in the answers returned to issues 1 and 2, to the effect that appellant failed to have and use such care, skill, and diligence as a physician in the treatment of the child as is ordinarily had and used by the average members of the medical profession in good standing in the same or similar circumstances, and that the injuries complained of were caused by, or the proximate result of, such failure.

The jury's findings on issues of fact to which the above refers form the basis upon which the judgment was entered. No objection appears to have been made to any evidence found in the record, so that all of the evidence offered was heard and considered by the jury and the trial court. The evidence covers more than 100 pages of the record, besides copies of photographs of the child's leg showing its appearance at the time the photographs were taken, and at the time some of the witnesses saw the child's leg and testified with reference to its condition and the probable cause of its condition as seen.

Appellant contends under this proposition that for the jury to give an affirmative answer to the first and second issues submitted, it was necessary that some evidence should have been offered showing how the average physician, in the same locality as the one at bar, treated similar ailments under similar circumstances, and that no such evidence was offered or is found in the record; that the jury's answer, under the issues, was necessarily a comparison of the treatment administered by Dr. Dunn to this patient with what such treatment would have been had the child been treated by other average physicians in that locality under the same or similar circumstances. It is submitted that the evidence does not show the treatment administered by Dr. Dunn was different from the methods that average physicians would have used. The case of Hamilton v. Harris (Tex. Civ. App.) 223 S. W. 533, is referred to as sustaining the contention. In our opinion the case is not in point on the rule of evidence contended for. The case discusses a rule of law as to the extent of the liability of a medical practitioner, and holds that he engages that he possesses such degree of skill as is ordinarily possessed of the profession generally, and that he will exercise that skill with reasonable care and diligence, and to exercise his best judgment, and that when he has done so his liability ceases.

The point of the issue submitted to the jury, as we view it, is not whether Dr. Dunn should have made use of the diathermia instrument in the treatment of the child, or whether other physicians of average skill and ability in the same locality would have made use of the diathermia instrument un-

der the same or similar circumstances. In other words, the use of such instrument was not the point of inquiry, but the manner of its use; that is, does the evidence show that Dr. Dunn used such care, skill, and diligence, in the treatment of the case, whatever the means used, as is ordinarily had and used by the medical profession, in good standing, in the same or similar localities and under the same or similar circumstances? Appellee could not exact of Dr. Dunn, in the treatment of the case, a greater degree of care, skill, and diligence than is ordinarily possessed and used by the average physician under the same or similar circumstances. Dr. Dunn by accepting to treat the child assayed to have such skill, and that he would use ordinary care, skill, and diligence in its treatment.

The evidence discloses, without controversy, that in the treatment by Dr. Dunn, the child was burned. The only difference in the evidence as to the burn seems to be as to the cause of the condition of the child's leg as disclosed by the evidence. Dr. Dunn in his evidence undertakes to attribute its condition to infection caused by removal of the bandage by the child's mother, and contrary to his direction, and placing thereon another bandage, from which other bandage infection set in, and not as resulting from the extent of the burn. We need not review his evidence as the cause of the extent of the injury, as the inquiry here is as to whether the evidence found in the record is sufficient to have justified the submission to the jury of the issues, and the jury's findings thereon.

Dr. Dunn testified that the child's leg was slightly burned in the use of the instrument. Without reviewing the evidence, it is sufficient to show that the injury is extensive, severe, and permanent; that the tissues of the flesh had sloughed to the bone. The evidence of physicians who testified on the trial is sufficient to show that a bad burn will produce a bad sloughing of the tissues, such as is shown here. The evidence is sufficient also to show that the sloughing of the tissues as shown was the result of a burn and not the result of infection.

On the issue submitted as to whether Dr. Dunn failed to have and use that degree of care, skill, and diligence in the treatment of the child, as he should have used, and, if he failed to do so, was the child's injury the proximate result of such failure?

The evidence shows without controversy that Dr. Dunn in the use of the instrument attached an electrical wire or apparatus to the child's leg, left the room on two different occasions, was out of the room where the child was being treated for several minutes at a time; that the child's leg was burned by the electric appliance while he was out; that while he was out of the room he could not and did not see the effect of the electricity as it was then being applied, or the amount of the electric current the child could stand; that the child was crying and squirming, turned red, sweat broke out on its body; the doctor did not come in from the room into which he had gone until called by the mother and father of the child and told that the electric appliance was burning the child; the doctor came in, took hold of the child's leg, and said he believed the child was slightly burned, but hardly to the bone. Two local physicians testified on the trial. One of them, Dr. A. H. Smith, testified:

"It is the practice to watch the application of the electricity very closely. * * * A burn does not ordinarily occur from the use of an electrical machine unless you intend it; or if there is a burn where it is not intended, in the ordinary use of a machine you would be bound to come to the conclusion that there was something wrong with the machine or with the handling of the machine or both."

Dr. Standifer, a local physician, testified:

"I would not say that to burn a leg would be the proper way to treat infantile paralysis, with any kind of an instrument; I wouldn't think so."

We have made very brief statements from much the doctors said. We have very carefully read all of the evidence in the record and have concluded therefrom that the evidence is sufficient to have required the submission of issues Nos. 1 and 2 to the jury, and to sustain the findings.

There is no reversible error presented in the proposition complaining of the overruling of the exception to certain portions of the petition. The portion of the petition excepted to in effect represents the child as speaking through its next friend, and saying that if she does not know how or why she was injured as she was, nevertheless it was not her business or that of her parents to know, as it was that of the doctor, who should have known and who held himself out as possessing and exercising the knowledge, ability, and skill to examine, treat, and handle her case, and that if he did not possess such knowledge he was grossly negligent in undertaking to treat her, etc.

The contention is made that while the jury found that the treatment was not willful and grossly negligent, the pleading created in the mind of the jury a sympathy for the child and a prejudice against the defendant and caused the finding that defendant was negligent. We cannot say, in view of the evidence, that the finding of the jury on other issues submitted was influenced as claimed. We do not mean to hold that the pleading was objectionable, as that question is not presented, but only that no reversible error is presented.

In his motion, and as ground for a new trial, appellant presented the affidavit of a person 21 years old who had received the diathermic or electrical treatment at San Angelo, Tex., from doctors at that place in

1928; the affidavit stating the purpose of the treatment, the electrical dosage applied, the number of treatments given, the beneficial effects, the length of time the treatments lasted, that the attending physicians did not remain by the machine while the treatment was being given, that the heat from the machine would at times cause a blister on the skin which would heal in a few days with no harmful results, and saying that "in the application of this treatment the electricity will sometimes cause a surface blister but the heat does not penetrate deeper than the skin," and that in the application of such electrical treatment it is not necessary and customary to have an attendant watch the patient at all times as these machines do not cause a serious burn. The affidavit does not show that the affiant was qualified to speak further than some of his observations in his own case. The circumstances of the treatment of the affiant and those of a child less than two years old are so different as to render the affidavit of no practical value.

Should it be admitted that the evidence of the witness could be used on another trial, which we do not concede, it would only be cumulative, if not directly in conflict with some of the admissions of Dr. Dunn. Referring to the treatment and what took place in his absence from the room, Dr. Dunn testified:

"I do not take the position that it could have done just as well if I was somewhere else as there present; I do not say that. As to whether there are chances for things like that to happen in my absence if I were to go off and stay long enough, it could."

We do not understand the defense to be that the electrical machine could not under any circumstances or condition produce the condition found on the child, but that such condition was through no lack of skill, care or diligence on his part, and that such condition was occasioned by infection through the fault of the mother in removing the bandage and applying another, and not the burn received in the treatment.

We have found no reversible error, and the case is affirmed.